

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 12, 1961

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1218

Re: Whether voting machines must
be used in school elections,
where the commissioners court
of a county has adopted the
use of voting machines as
the method of holding elec-
tions in that county.

Dear Mr. Edgar:

You have requested an opinion of this office on the
following question:

"Where the commissioners court
of a county purchases voting machines
and subsequently passes a resolution
requiring the usage of such machines
in all elections in such county, is
a school district board required to
use such voting machines in school
trustee elections, in all school dis-
trict elections?"

Your question requires an examination of Section 3
of Article 7.14 of the Election Code, Vernon's Civil Statutes,
which reads as follows:

"The Commissioners Court of
any county in the State of Texas
may adopt for use in elections and
primary elections in at least three
(3) of the larger voting precincts
in voting strength in said county,
any kind of voting machine approved
by the Secretary of State and may
adopt such voting machine at any
time for use in such additional
voting precincts in the county as
it may deem advisable, and there-
upon such voting machine shall be
used at any and all elections and
primary elections, municipal, county,
district, or State held in that

county or any part thereof, designated
for voting, registering and counting
votes cast at such elections and primary
elections, all school and bond elections
also shall be conducted by the use of
voting machines in those counties or
parts thereof where such machines have
been adopted, where the law specifically
makes their use obligatory."

This statute does not give the commissioners court
the authority to determine the types of elections in which
voting machines shall be used. It merely gives the commis-
sioners court the authority to designate the voting precincts
in which voting machines are adopted for use, and the statute
itself provides in what elections held within the designated
territory the use of voting machines is mandatory. The order
upon which your opinion request is based reads as follows:

"It is ordered by the Commissioners'
Court of Cameron County that the voting
machine method of holding elections in
Cameron County be and it is hereby adopted."

This we interpret as being a county-wide adoption of voting
machines for use in all election precincts of Cameron County,
rather than an unauthorized attempt on the part of the
Commissioners Court of Cameron County to require their use
in all elections held within the county. We must look to
Section 3 of Article 7.14 and other pertinent statutes to
determine whether their use in school elections held within
Cameron County is now mandatory.

Section 3 of Article 7.14 provides that voting
machines "shall be used at any and all elections and primary
elections, municipal, county, district, or State" held within
the precincts for which voting machines have been adopted, and
further provides that "all school and bond elections also
shall be conducted by the use of voting machines in those
counties or parts thereof where such machines have been
adopted, where the law specifically makes their use obligatory."
(Emphasis supplied.) While this statute in itself requires the
use of voting machines in the first-quoted types of elections,

we construe it as requiring their use in school elections only where some other law "specifically makes their use obligatory."[1]

There is no provision in the school laws or the Election Code which would prohibit a school district from conducting its elections with available voting machines rented from the county, if the district chose to do so, or which would invalidate an election so held even though their use was not mandatory in that election. However, we can find no statute which makes the use of voting machines obligatory in school elections, unless Section 1a of Article 2745c, Vernon's Civil Statutes, requires their use for absentee voting in school trustee elections. This statute, which was enacted by Chapter 440, Acts of the 57th Legislature, Regular Session, 1961, reads as follows:

> "Section 1a. In all elections for the office of county school trustees, or trustees of any school district however created or designated, in counties where voting machines have been adopted, the authority charged with holding an election in any such county or school district shall, by proper resolution or order, provide that voting machines shall be used for the casting of absentee votes at such elections, in accordance with the provisions of Article 7.14, Section 7, of the Acts of 1951, 52nd Legislature,

---

[1]This language has not been construed by the Texas courts. In Anderson v. Crow, 260 S.W.2d 227, 230 (Civ.App. 1953), involving an election contest attacking the legality of a school bond election held in Bexar County, at which voting machines had been used, for failure to maintain a voting place in each election precinct in the district, the court observed that the school district had been advised that there was some question of the legality of an election in Bexar County conducted without the use of voting machines (the Commissioners Court of Bexar County having adopted voting machines for use in that county), but the court did not indicate any opinion on whether their use was required in school elections held in counties which had adopted voting machines.

Chapter 492, known as the Election Code
of the State of Texas."

To arrive at the intent of this statute, it is necessary to
review the law in effect at the time of its enactment.

Section 7 of Article 7.14, Election Code, contains
the following provisions, which have remained unchanged
since 1939:

"Sec. 7. Absentee Voting. In
counties in which voting machines are
adopted for use, the authority charged
with holding an election shall within
its discretion determine by proper
resolution and/or order whether or not
voting machines shall be used for the
casting of absentee votes at such elec-
tion, and if it be determined by such
authority that voting machines shall
be used for the casting of absentee
votes at such election, a voting machine
or machines shall be placed in the
county clerk's office, if an election
held at the expense of the county, or
if a primary election, and if a city
or town election in the office of the
city or town secretary and if a school
district or other election, in a public
place designated within the boundaries
of such district or election, * * *.
* * * Should the authority charged with
holding an election determine by such
resolution as above provided, that ab-
sentee votes cast at such election be
cast by a paper ballot, then, and in
such event, the authority charged with
holding such election shall provide a
ballot for the casting of absentee votes
as prescribed and provided by the general
laws applicable to elections and to ab-
sentee voting, and those entitled under
the law shall cast their vote by such
ballot under the laws applicable to ab-
sentee voting, * * * ."

This statute, it is seen, gives the authority holding an
election the discretion to determine whether voting machines
or paper ballots shall be used for absentee voting.

In 1957 the Legislature passed a law relating to elections for county school trustees and trustees of school districts (Chapter 262, Acts of the 55th Legislature, 1957, codified as Article 2745c in Vernon's Texas Civil Statutes), which was amended in 1959 by Chapter 320, Acts of the 56th Legislature. Each of these enactments contained the following provisions:

> " * * * it shall be the duty of the county clerk to conduct the absentee voting in the election in accordance with the general laws relating to absentee voting. Paper ballots shall be used for absentee voting in all such elections, including elections in districts where voting machines are used at regular polling places."

The effect of these enactments was to revoke, for school trustee elections, the discretion conferred by Section 7 of Article 7.14, Election Code, and to make the use of paper ballots mandatory in absentee voting in those elections.

Under Section 7 of Article 7.14, the absentee voting in a school election, when conducted on voting machines, was "in a public place within the boundaries of the school district." By virtue of the 1957 and 1959 enactments, the absentee voting in school trustee elections had to be conducted in the office of the county clerk (Subdivision 3 of Article 5.05, Election Code), except in those instances where the county clerk appointed a deputy in towns having a population of 4,000 inhabitants or more as authorized in Subdivision 14 of Article 5.05.

Against this background of existing law, the Legislature in 1961 amended Article 2745c by adding Section la, quoted above. The emergency clause of the 1961 act stated that "the fact that existing laws require those desiring to cast absentee votes in school trustee elections to travel to the county seat and cast such votes at the office of the county clerk, results in great inconvenience to the voter, loss of time, and expense, * * * creates an emergency, * * *." The body of the act provides that the authority charged with holding the trustee election "shall, by proper resolution or order, provide that voting machines shall be used for casting of absentee votes at such elections, in accordance with the provisions of Article 7.14, Section 7" of the Election Code. (Emphasis supplied.) Our problem is to determine whether the legislative

intent was merely to restore the law as it had existed prior to 1957, which gave the authority holding the election the discretion to decide whether absentee voting was to be by voting machines or by paper ballots, or whether the intent was to make the use of voting machines mandatory in these elections.

While the word "shall" ordinarily is of mandatory effect, the words "shall" and "may" are frequently used interchangeably, and the use of one or the other of these words in a statute is not conclusive of the question whether it should be construed as mandatory or discretionary. 39 Tex.Jur., Statutes, Sec. 15, and cases cited. If the Legislature had intended to make the use of voting machines mandatory and to deny to the authority holding the election any discretion in the matter, the provision for adoption of a resolution or order by the authority holding the election would have been unnecessary, as the statute itself would have required the use of voting machines and adoption of a resolution to that effect would have been a superfluous act. Moreover, the fact that this statute was enacted as an amendment to Article 2745c and was limited to trustee elections further points to an intent merely to undo what had been done in Article 2745c. It does not undertake to restrict the discretion of a school board to determine whether voting machines or paper ballots shall be used for absentee voting in other types of elections held by school districts, such as bond elections and consolidation elections. If the Legislature had intended to make the use of voting machines mandatory for absentee voting in school trustee elections, it reasonably could have been expected to make their use mandatory in all school elections, since the voters in districts which did not include the county seat would be subjected to the same inconvenience, loss of time, and expense in traveling to the county seat to cast their absentee ballots in other types of school elections if the school board chose to use paper ballots. We think the intent of the statute was to leave the matter to the discretion of the school board, as provided in Section 7 of Article 7.14, and to rely on their judgment to adopt the method best suited to the particular district in the light of its geographical location and other factors which would dictate the wisdom of choosing the one or the other method.

The interpretation we give to Section la of Article 2745c is further borne out by the title of the act, which may be considered as a guide showing the legislative intent. 39 Tex.Jur., Statutes, Sec. 121, and cases cited. The title states that it is an act "to add a provision <u>authorizing</u> the

use of voting machines for absentee voting for school trustees in counties where voting machines have been adopted." (Emphasis supplied.) The use of the word "authorizing" suggests that the statute is permissive, since the word "requiring" would have been the more appropriate language to express an intent to make the use of voting machines mandatory.

In conclusion, it is our opinion that the use of voting machines is not obligatory either in school trustee elections or in other school district elections held within counties which have adopted voting machines, and that the school district board has the discretion to determine whether voting machines or paper ballots shall be used in elections ordered by the board.

## SUMMARY

The use of voting machines is not obligatory in school elections held within counties which have adopted voting machines, and the school district board has the discretion to determine whether voting machines or paper ballots shall be used in elections ordered by the board.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall

Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Marvin Thomas
Morgan Nesbitt
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.